UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>           Plaintiff,<br><br>     v.<br><br>D. TAPIA, *et al.*,<br><br>           Defendants. | Case No.: 1:20-cv-1281-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Emanuel Lewis Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 9, 2020, was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on November 6, 2020, is currently before the Court for screening. (ECF No. 10.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Allegations in Complaint**

Plaintiff is currently housed in California Substance Abuse Treatment Facility in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed North Kern State Prison.  Plaintiff names as defendants: (1) David Tapia, correctional officer, (2) D. Arroyo, Correctional Officer,  (3) M. Jimenez, correctional officer, and (4) J. Felix, I.S.U. correctional officer.

In claim 1, Plaintiff alleges that on June 7, 2016, Plaintiff was assaulted by Defendant David Tapia.  Defendant Tapia punched Plaintiff in his face and kicked him in his face multiple times while on the ground and in handcuffs. Plaintiff was held down by other officers and pepper sprayed.  Officers Arroyo and Jimenez were right there letting Defendant Tapia assault Plaintiff without intervention, and held Plaintiff down while Tapia assaulted Plaintiff.

When Plaintiff was in a stand-up cage awaiting medical attention, Defendant J. Felix opened the cage door and punched Plaintiff multiple times in the head and body.

In claim 2, Plaintiff alleges that on June 7, 2016, after he was in the incident with Tapia, Defendants Tapia, Arroyo and Jimenez lied and falsified documents to further their agenda as the

always do. Plaintiff was criminally prosecuted in Kern County on their false claims in case #DF012821A filed on April 18, 2017 and dismissed on June 18, 2020.  Plaintiff was held in disciplinary detention form June 7, 206 until April 18, 2018.

All of the defendant conspired to "do what they always do" which is to deprive incarcerated persons of their constitutional rights by excessive force, deliberate indifference and false documents.  They cover for one another and deprive incarcerated individuals of constitutional rights by agreeing/meeting of the minds "to do what they always do."

Plaintiff seeks compensatory and punitive damages and an injunction from beating other innocent people and filing false police reports.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.  Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Again, aside from the excessive forces allegations and failure to protect, it is unclear from the allegations what are the constitutional violations Plaintiff alleges occurred.  Plaintiff must clearly state what happened, when it happened or who was involved in the conspiracy.

#### B. Eighth Amendment – Excessive Force

3

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

Liberally construing the allegations, Plaintiff states a cognizable excessive force claim against Defendants Tapia and Felix. Plaintiff fails to identify the "other officers" and identify what they did or did not do.

**C.     Failure to Protect**

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

4

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Liberally construing the allegations, Plaintiff states a cognizable claim for failure to protect against Defendants Arroyo and Jimenez for failure to protect Plaintiff while Defendant Tapia was engaging in alleged excessive force.

**D. False Reports/Due Process**

Plaintiff also appears to claim Defendants Tapia, Arroyo and Jimenez made false claims against him. However, the issuance of a false allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986)).

5

Deliberately providing false evidence that results in criminal charges or certain administrative penalties can give rise to a due process claim where there was a resulting deprivation of liberty. Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); Chappell v. Bess, 2012 WL 3276984, at *22 (E.D. Cal. Aug. 9, 2012) ("The court finds that plaintiff has alleged the deprivation of a cognizable liberty interest based on his allegations that, as a result of defendants' alleged fabrication of evidence, plaintiff was subjected to unwarranted disciplinary proceedings and criminal prosecution, and was retained in administrative segregation for more than two years, the latter, particularly if unwarranted, constituting an atypical and significant hardship...in relation to the ordinary incidents of prison life.").

To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017).  To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question. Id.

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable Due Process claim against Tapia, Arroyo and Jimenez for fabrication of evidence resulting in disciplinary segregation and criminal prosecution.

**E.     Conspiracy**

 Plaintiff may be seeking to allege a conspiracy against the Defendants for doing what "they always do." In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that

defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff's conspiracy claim, if any, lacks specificity. Plaintiff's suggestion of conspiracy is speculative as he presents no facts to show a meeting of the minds to violate his constitutional rights. Plaintiff's conclusory allegation that they "do what they always do" is factually insufficient to state a cognizable claim. Despite being provided with the relevant legal and pleading standards, Plaintiff has been unable to cure this deficiency.

**F.  Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. As currently alleged, Plaintiff is no longer housed North Kern State Prison, where the events at issue occurred, and he has not alleged that he has any expectation of returning to North Kern State Prison in the future. Therefore, any injunctive relief he seeks regarding conditions at North Kern State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**V.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Tapia and Felix, a

cognizable claim for failure to protect against Defendants Arroyo and Jimenez, and a cognizable Due Process claim against Tapia, Arroyo and Jimenez.  However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

FURTHER, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed November 6, 2020, (ECF No. 10), on a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Tapia and Felix, a cognizable claim for failure to protect against Defendants Arroyo and Jimenez, and a cognizable Due Process claim against Tapia, Arroyo and Jimenez; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 12, 2020**               /s/ Barbara A. McAuliffe          _
                                            UNITED STATES MAGISTRATE JUDGE