# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>        Plaintiff,<br><br>    v.<br><br>TAPIA, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-01281-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 27) |

    Plaintiff Emanuel Lewis Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Tapia and Felix for excessive force in violation of the Eighth Amendment, Defendants Arroyo and Jimenez for failure to protect in violation of the Eighth Amendment, and Defendants Tapia, Arroyo, and Jimenez for violation of the Due Process Clause.

    On August 19, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his prisoner administrative remedies as required by the Prisoner Litigation Reform Act, (ECF No. 26), together with a motion for a stay of the discovery and to vacate the discovery and dispositive motion deadlines pending resolution of their exhaustion motion for summary judgment, (ECF No. 27). Pursuant to the Court's May 19, 2021 Discovery and Scheduling Order, the deadline for the completion of all discovery is January 19, 2022, and

1

the deadline for filing all dispositive motions is March 28, 2022.  (ECF No. 25.)

Although Plaintiff has not had the opportunity to file a response to Defendants' motion, the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end. *Id.*

In their motion, Defendants argue that the pending motion for summary judgment for failure to exhaust administrative remedies will potentially dispose of the entire case, the parties and the Court do not require additional information to decide the motion, and the expenditure of resources required to conduct merits-based discovery and prepare a motion for summary judgment on the merits will be needless if the Court grants Defendants' motion.  (ECF No. 27.)  Defendants therefore request that the Court stay merits-based discovery and vacate the deadlines for merits-based discovery and dispositive motions until the motion for summary judgment on the issue of exhaustion is resolved.  (*Id.*)

Having considered Defendants' moving papers, the Court finds good cause to stay merits-based discovery and vacate the discovery and dispositive motion deadlines in this action.  Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions.

**However, to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests**.  Given that Plaintiff has not had the opportunity to respond to Defendants' motion to modify the discovery and scheduling order, the Court finds it appropriate to require Defendants to complete any outstanding discovery requests related to the exhaustion issue, as required by the Court's Discovery and Scheduling Order.  Although

2

Defendants argue that no further information is needed for the Court to decide the exhaustion motion, Plaintiff may well disagree.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery and modify discovery and scheduling order, (ECF No. 27), is GRANTED;
2. All merits-based discovery is STAYED;
3. The merits-based discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **August 20, 2021**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE