UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEWIS BOONE,<br><br>            Plaintiff,<br><br>     v.<br><br>TAPIA, et al.,<br><br>            Defendants. | No. 1:20-cv-01281-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION<br><br>(Docs. 26, 39) |

Plaintiff Emanuel Lewis Boone is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against defendants Tapia and Felix for excessive force in violation of the Eighth Amendment, defendants Arroyo and Jimenez for failure to protect in violation of the Eighth Amendment, and defendants Tapia, Arroyo, and Jimenez for violation of the Due Process Clause.

On May 14, 2024, the assigned magistrate judge issued findings and recommendations that defendants' motion for summary judgment for failure to exhaust be granted. Doc. 39. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. *Id.* at 16. On June 17, 2024, Plaintiff filed objections. Doc. 40. Though dated June 12, 2024, after the May 31, 2024 deadline to file objections, the court considers plaintiff's objections based on plaintiff's assertion that he

1   did not receive the findings and recommendations until June 8, 2024. *Id.*

2   In accordance with 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of this case. In his objections, plaintiff argues that CDCR conveniently loses or does not receive grievances. Doc. 40. However, plaintiff has not presented evidence supporting this assertion, and he does identify any basis to dispute the magistrate judge's finding that he failed to timely exhaust his administrative remedies.

Plaintiff argues that summary judgment on exhaustion grounds violates his right to seek redress with the courts because he tried to file a grievance but CDCR refused it. *Id.* However, as the magistrate judge noted, plaintiff submitted a grievance approximately two years after the incident. Doc. 39 at 13. That grievance was deemed untimely and was cancelled. *Id.* As the magistrate judge found, plaintiff fails to establish that he submitted an earlier, timely grievance. Moreover, plaintiff failed to timely appeal the cancellation of the grievance he submitted two years after the incident. Plaintiff could have appealed that cancellation and argued that he had submitted a prior grievance that was not processed, but he failed to do so. *Id.* at 15. Where an appeal is cancelled due to a procedural error on the part of the inmate, administrative remedies remain available to the inmate – namely, appealing the cancellation decision. *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because [plaintiff] could have appealed his cancellation decision ... the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him"). Because plaintiff did not appeal the cancellation of his grievance and has not produced evidence necessary to carry his burden that a prior timely grievance was filed (*see* Doc. 39 at 13-15), summary judgment based on plaintiff's failure to exhaust administrative remedies is appropriate.

Having reviewed the file, including plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 14, 2024, (Doc. 39), are adopted;
2. Defendants' motion for summary judgment for failure to exhaust, (Doc. 26), is GRANTED;

2

3. This action is DISMISSED for failure to exhaust administrative remedies; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   December 13, 2024

_____
UNITED STATES DISTRICT JUDGE

3